```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
MATTHEW D. GARRIS, et al.,             :   CIVIL ACTION NO. 05-3867 (MLC)
                                       :
     Plaintiffs,                       :   **MEMORANDUM OPINION**
                                       :
     v.                                :
                                       :
MASSHEALTH, et al.,                    :
                                       :
     Defendants.                       :
_____:
```

**THE PLAINTIFFS PRO SE** — Matthew D. Garris and Patricia J. Littlejohn — (1) bringing this action, inter alia, to recover damages for the failure to provide medication to Littlejohn, and (2) asserting jurisdiction under 28 U.S.C. § ("Section") 1332 (Am. Compl., at 3-10); and the plaintiffs naming as defendants: (1) MassHealth and the Massachusetts Department of Health & Human Services, which are identified as Massachusetts state agencies, and the state of Massachusetts (hereinafter, "State Defendants"), (2) Robert W. Conroy and Christian Pope, both identified as "practic[ing] medicine" in Massachusetts, and (3) Amy Levy, a Massachusetts state employee (id. at 1-2); and the plaintiffs having originally named Healthcare for Women, Inc. ("HCFW") as a defendant, but amending the complaint and moving to voluntarily terminate the action insofar as brought against HCFW (see Compl., at 1; Am. Compl.; 9-1-05 Not. Of Voluntary Dismissal, at 1); and (a) the State Defendants, (b) Conroy, and (c) Pope and HCFW now separately moving either (1) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, or (2)

to dismiss the complaint or to transfer the action due to improper venue (dkt. entry nos. 13, 14, 16); and the plaintiffs "conced[ing] we are in the wrong venue. Plaintiffs however vigorously deny all other claims prayed in the motion, and oppose dismissal at all costs" (Undated Pls. Response, at 1); and the plaintiffs responding further that "the district of Massachusetts is potentially more appropriate for hearing this complaint" (11-14-05 Pls. Br., at 8); and

**IT APPEARING** that the more-proper venue for prosecuting this action is the District of Massachusetts, because (1) Littlejohn — a Massachusetts citizen — is the main plaintiff (Am. Compl., at 1), (2) the claims on behalf of Garris — a New Jersey citizen — are derivative in nature, and limited to damages resulting from his "witnessing this brazen callous abrogation of [Littlejohn's] civil rights" (id. at 10), (3) Pope, Conroy, and Levy either are Massachusetts citizens or have contacts with Massachusetts, (4) the alleged failure to provide medication to Littlejohn occurred in Massachusetts, and (5) a federal court in Massachusetts may exercise jurisdiction over the State Defendants;[1] and thus it appearing that the action should be transferred to the District

---

[1] See Azubuko v. Mass. St. Police, No. 04-4176, 2004 WL 2590502, at *2 (E.D. Pa. Nov. 12, 2004) (dismissing claim against defendant Massachusetts State Police because, inter alia, defendant lacked minimum contacts with state where action was brought, i.e., Pennsylvania); Boone v. Thompson, No. 02-1580, 2002 WL 31478834, at *4-*5 (E.D. Pa. Nov. 1, 2002) (granting motion to dismiss as to New-Jersey-county agency for same).

of Massachusetts, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981) (stating plaintiff's choice of venue deserves less deference when plaintiff not citizen of that venue), Czubryt v. Consol. Rail Corp., No. 01-314, 2002 WL 442824, at *1 (E.D. Pa. Feb. 21, 2002) (granting motion to transfer to venue where plaintiff lived and injury first inflicted), Gaskins v. Nat'l R.R. Passenger Corp., No. 00-5144, 2001 WL 322518, at *1-*2 (E.D. Pa. Feb. 21, 2001) (same); and it appearing that a transfer to the District of Massachusetts would be appropriate under either Section 1404 or Section 1406;[2] and

---

[2] The Court, in transferring venue, assumes arguendo that the plaintiffs have viable claims against the defendants. (See State Defs. Br., at 7 (acknowledging possible jurisdiction under Section 1331).) It appears that jurisdiction under Section 1332 is lacking because the action is not "between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). First, "neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction." Harris v. Pa. Tpk. Comm'n, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969). Thus, "a suit between a state, or its alter ego, and a citizen of another state is not a suit between citizens of different states and diversity jurisdiction does not exist." Id.; see Stone v. S.C., 117 U.S. 430, 433 (1886) (stating, as to Section 1332 jurisdiction, "a state cannot, in the nature of things, be a citizen of any state"); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same). The plaintiffs have brought this action against two state agencies — which are alter egos of a state — and a state itself, thus divesting the federal courts of jurisdiction under Section 1332. Second, there must be "complete diversity" between each plaintiff and each defendant for jurisdiction to exist under Section 1332. CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 381 n.6 (3d Cir. 2004). Jurisdiction is lacking, even if the State Defendants were considered to be Massachusetts citizens, because Littlejohn is a Massachusetts citizen. Also, Conroy, Pope, and Levy may be Massachusetts citizens.

**THE COURT** thus intending to (1) grant the plaintiffs' motion to voluntarily terminate the action insofar as brought against HCFW, (2) deny as moot the part of the separate motion seeking relief as to HCFW, (3) grant the parts of the separate motions made on behalf of the State Defendants, Conroy, and Pope seeking to transfer venue, and deny without prejudice the parts of the separate motions seeking dismissal of the complaint as to those defendants, and (4) deny without prejudice the plaintiffs' other separate motions, which are not discussed herein; and for good cause appearing, the Court will issue an appropriate order.

                                                                            s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge